UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GLADYS GARCIA, ) | |
| ) | |
| *Petitioner* ) | |
| ) | |
| vs. ) | CAUSE NO. 3:12-CV-309 RM |
| ) | (Arising out of 3:09-CR-100(01) RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent* ) | |

OPINION and ORDER

Gladys Garcia pleaded guilty to distributing heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and was sentenced to 70 months' imprisonment. Ms. Garcia is now before the court requesting that her sentence be reduced under 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Ms. Garcia filed her petition more than two years after her sentence became final, and is barred under 28 U.S.C. 2255(f)(1), *see* Keller v. United States, 657 F.3d 675, 679 (7th Cir. 2011), and the waiver in her plea agreement.

Ms. Garcia's plea agreement reveals that she was told of and understood the maximum sentences for the offense to which she was pleading guilty, and that she waived her right to appeal her conviction and sentence and to contest her conviction and sentence in a § 2255 proceeding. The plea agreement was signed by Ms. Garcia, her attorney Thomas Gibbons, and Assistant United States Attorney Donald Schmid and contained the following language in paragraph 9:

> (c) I understand that the maximum penalties for a violation[] of Title 21, United States Code, Section 841(a)(1) as charged in Count 3 of the Indictment are: a maximum of 30 years imprisonment, a $2,000,000 fine, or a combination of both imprisonment and a fine, as well as a six-year period of supervised release to follow any term of imprisonment, and a mandatory special assessment of $100;
>
> (d) I understand that the offense(s) to which I am pleading guilty fall under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255[.]

Despite the waivers and admissions in her plea agreement, Ms. Garcia now challenges her sentence, contending that her attorney provided ineffective assistance because he didn't "fight" the plea or request a more lenient sentence.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Ms. Garcia's sworn statements at her change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that her guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to [her]." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of Ms. Garcia's right to appeal and to file a § 2255 petition, the court explained the waiver to her during the plea colloquy, and Ms. Garcia acknowledged that she understood. Because Ms. Garcia's plea was informed and

voluntary, the waiver of her right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Ms. Garcia hasn't alleged that her counsel was ineffective in negotiating the plea or the waiver of her right to challenge her sentence contained in the plea agreement, Bridgeman v. United States, 229 F.3d at 591, but contends that her counsel was ineffective because he didn't argue for a more lenient sentence. While a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of her appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Ms. Garcia received a 70-month sentence – a sentence well below the statutory 30-year maximum and at the low-end of the sentencing guideline range (70-87 months).

To the extent Ms. Garcia contends that she was provided ineffective assistance because her attorney didn't argue for a lower sentence, her claim doesn't relate to the negotiation of the waiver of her right to appeal, and is foreclosed by the plea agreement, in which Ms. Garcia expressly agreed that "the Court ha[d] jurisdiction and authority to impose any sentence within the statutory maximum set for [her] offense(s) as set forth in th[e] plea agreement," and waived her right to appeal or challenge her sentence and the manner in which it was determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

Ms. Garcia isn't entitled to the relief she seeks. Accordingly, the court SUMMARILY DISMISSES her petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 110 in Cause No. 3:09-CR-100].

SO ORDERED.

ENTERED:   June 18, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc:   G. Garcia
      AUSA Schmid